# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL J. BRADLEY,

        Petitioner,

v.                                                                        Case No. 10-CV-857

JUDY P. SMITH, Warden,
Oshkosh Correctional Institution

        Respondent.

## ORDER

On October 1, 2010, petitioner Michael J. Bradley ("Bradley") filed a Petition for Writ of Habeas Corpus (Docket #1) pursuant to 28 U.S.C. § 2254. Bradley challenges the length of his imprisonment for second degree sexual assault of a child, arguing that his correct mandatory release date has passed. Bradley pled not guilty and was found guilty on October 9, 1997, following a jury trial. Thereafter, he was sentenced to twenty years imprisonment on December 12, 1997.

The court must first conduct a screening of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 states that a district court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. Gov. Section 2254 Cases in the U.S. District Courts, R. 4. This standard allows a court to dismiss for failure to state a claim or where a petition is factually frivolous. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). The court will analyze whether the

petitioner has timely filed, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

Bradley asserts that the state has unlawfully incarcerated him beyond the appropriate mandatory release date in light of credits for time served and good time that he is allegedly entitled to. On September 14, 2009, Bradley appealed the denial of a motion for post-conviction relief to the Wisconsin Court of Appeals. Subsequently, on October 16, 2009, while the appeal was still pending, he motioned the Brown County Circuit Court for an award of jail time credit. In response to that motion, the circuit court responded on November 9, 2009, that it would address the motion once it received the case file by remand from the appellate court. Bradley inquired once again about the status of his motion in the circuit court and received the same response on April 6, 2010. Thus, Bradley's petition to this court claims a violation of due process and equal protection as a result of being held in custody longer than appropriate once both jail time and good time credits are taken into consideration. He argues that the combination of credit due would set his mandatory release date at October 19, 2009.[1]

A prisoner in state custody pursuant to state court judgment must file a § 2254 petition within one year of final judgment, removal of impediment to filing, recognition

---

[1] Bradley once lists his argued mandatory release date as April 19, 2009, but it appears to be a mistake in light of his two other references to October 19, 2009, and the court will thus construe his argued date as October 19, 2009. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints held to less stringent standards than formal pleadings drafted by lawyers).

by the Supreme Court of a retroactive Constitutional right, or when the factual predicate for the claims could have been discovered through due diligence, whichever is latest. 28 U.S.C. § 2244(d)(1). Final judgment is determined upon the conclusion of direct review or expiration of time for seeking such. 28 U.S.C. § 2244(d)(1)(A). Bradley's judgment was final far more than one year ago. However, the factual predicate for this claim arguably arose on October 19, 2009, the alleged proper mandatory release date, and thus the date on which he should have been released. Because Bradley filed his petition in this court on October 1, 2010, he is plausibly within the one year time limit.

Next, an application for writ may not be granted unless the petitioner has exhausted available state court remedies, or there is either an absence of available state corrective process or circumstances rendering any such process ineffective in protecting the petitioner's rights. 28 U.S.C. § 2254(b)(1). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Bradley argues that because the circuit court has stated that it will not address the motion for credit until the appellate court rules on his post-conviction motion, there is either absent or ineffective process. There is no absence of process here. Bradley has clearly initiated the process by filing the motion for credit, so the only way around exhaustion is if the process is ineffective.

It is true that inordinate delay in a state court may amount to ineffective process. *See Bartone v. United States*, 375 U.S. 52, 54 (1963) (procedural snarls or obstacles may preclude an effective state remedy); *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (seventeen-month delay in Wisconsin Supreme Court ruling merited investigation by district court into justification, which would control whether to proceed to merits); *see also, e.g., Lowe v. Duckworth*, 663 F.2d 42 (7th Cir. 1981) (dismissal for failure to exhaust erroneous where state case dormant for three and a half years). However, the court here is not convinced that the current delay quite amounts to such. At this stage, Bradley's appeal[2] was submitted on briefs as of September 14, 2010, and is now awaiting a decision.[3] Because there is scant guidance from the Seventh Circuit concerning delays shorter than seventeen months, and because notions of comity counsel against finding such a delay, the court finds no inordinate delay sufficient to defeat the exhaustion requirement. Consequently, because the basis for Bradley's petition remains pending in circuit court, he has not exhausted state remedies. Thus, he has failed to state a claim for relief at this time.

Accordingly,

---

[2]Wisconsin Court of Appeals Case No. 2009AP002399.

[3]The court also notes parenthetically that Bradley in fact received an extension of time to file briefing in his appeal.

-4-

**IT IS ORDERED** that the petitioner's Petition for Writ of Habeas Corpus (Docket #1) and this action be and the same are hereby **DISMISSED without prejudice**. Petitioner must exhaust his state court remedies before filing any new petition for habeas relief.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge